UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUDY ANN J. KEETER, AN
INDIVIDUAL,
AND ROBERT L. KEEFER, AN
INDIVIDUAL,

     PLAINTIFFS,

v.

       CASE NO.             3:21-cv-804- BJD-JBT

     EMERGENCY

INJUNCTION

STATE OF FLORIDA DEPARTMENT
OF FINANCIAL
SERVICES DIVISION OF RISK
MANAGEMENT
JIMMIE PATRONIS, IN HIS
OFFICIAL CAPACITY
AS CEO, AND IN HIS INDIVIDUAL
CAPACITY OF
AGENCY.

INNOVA INVESTMENT GROUP,
LLC, IN THEIR
OFFICIAL CAPACITY AS AGENCY
AND MATTHEW
ESTEVEZ, AS ATTORNEY IN
OFFICIAL CAPACITY,
AND INDIVIDUAL CAPACITY AS
AGENCY

MARK HARRISON MAHON, IN
OFFICIAL CAPACITY
AS CHIEF JUDGE OF THE FOURTH
JUDICIAL CIRCUIT
OF DUVAL COUNTY FLORIDA,
AND INDIVIDUAL
CAPACITY AGENCY,

JOHN DOES NOS. 1-25; FIRST
DISTRICT COURT OF APPEALS
IN TALLAHASSEE FLORIDA
JOHN DOES NOS. 1-500; CITY OF
JACKSONVILLE FLORIDA


DEFENDANTS.

## COMPLAINT FOR DECLARATORY AND IMMEDIATE INJUCTIVE ORDER TO PROHIBIT UNCONSTITUTIONAL TAKING IN VIOLATION FEDERAL EQUAL PROTECTION WHERE THE COURT WAS WITHOUT JURISDICTION

**COME NOW** the Plaintiffs, JUDY ANN J. KEETER ("Keeter") and ROBERT L. KEEFER ("KEEFER") (collectively, the "Plaintiffs" as married), and as individuals for separate damages, inclusive of compliance with separate §768.29 letters sent STATE OF FLORIDA by Certified Mail Return Receipt, as well as prior §768.29 letter sent receiving a Claim Ref: William B. Hannah, Jr. City of Jacksonville Risk Management Division Whahhan@coj.net (claim #162000613) in compliance with THIS CORRESPONDENCE IS SENT PURSUANT TO FLA. STAT. 768.28(6)(a) CERTIFIED RETURN/RECEIPT REQUESTED to the Florida Department of Financial Services, Division of Risk Management. Temporary Injunction

1 Elements and Case Citations

1.      Plaintiff will suffer irreparable harm;

2.      Plaintiff has no adequate remedy at law;

3.      Plaintiff has a substantial likelihood of success on the merits; and

4.      A temporary injunction will serve the public interest.

Courts sometimes expressly include "a clear legal right to the relief sought" as an element of a claim for temporary injunction. Compare Wilson v. Sandstrom, 317 So. 2d 732, 736 (Fla. 1975)(including clear legal right element) with Naegele Outdoor Advertising Co., Inc. v. City of Jacksonville, 659 So. 2d 1046, 1047 (Fla. 1995)(including elements listed above); see also Alorda v. Sutton Place Homeowners Assoc, 82 So.3d 1077, 1080 (Fla. 2d DCA 2012)(including clear legal right element); Hatfield v. AutoNation, Inc., 939 So.2d 155, 157 (Fla. 4th DCA 2006)(same); Heslop v. Moore, 716 So. 2d 276, 278 (Fla. 3d DCA 1998)(same).

The district court requested supplemental briefing on whether Luis's deposition statements constituted judicial admissions. *Id.* ¶ 7. A judicial admission is an admission that a party cannot rebut with contrary evidence. *See Judicial Admission*, BLACK'S LAW DICTIONARY (11th ed. 2019). In contrast, an evidentiary admission can be rebutted. Luis acknowledged he had consistently testified the light was green but contended that a jury should have the opportunity to disregard his testimony in favor of Antonio's version of the story. *Luna*, 2019 UT App 57, ¶ 7, 442 P.3d 1155. The district court determined Luis's statements were judicial admissions that he could not contradict. *Id.* It then granted summary judgment in favor of Maria. *Luna v. Luna*, 474 P.3d 966, 969 (Utah 2020)

## FACTS OF TIMELINES EVIDENCE A FRAUD

Plaintiff Judy Ann J. Keeter has "never signed a mortgage or note with Innova Investment Group, LLC."

Timeline 1440 w date & snippets

## #1. 080215- Snippet First Magnus Liquidation Bankruptcy February 15, 2008

SIGNED.

Dated: February 15, 2008

JAMES M. MARLAR
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) | Chapter 11 |
|---|---|---|
| FIRST MAGNUS FINANCIAL CORPORATION, | ) ) ) | No. 4:07-bk-01578-JMM |
| Debtor. | ) | MEMORANDUM DECISION |

On February 7 and 11, 2008, the debtor-in-possession, First Magnus Financial Corporation ( "Debtor"), presented its case for confirmation of its liquidation plan under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* All appearances by interested parties were noted on the record.

## #2 100509 -Snippet AMOUNT IS 96000, PAID Aurora Loan Credit Report 5.9.2010

Credit Report Aurora Loan Services – Charge off, PAID



11132 Winners Circle Ste 207
Los Alamitos, CA 90720
www.asuitesolution.com

*Judy Ann J – BankRupt'y*
*Day*

Tel:
Fax:
Email: orders@asu

**ONLINE CREDIT REPORTING CORPORATION**

| DEBTOR INFORMATION | | | | | |
|---|---|---|---|---|---|
| **Debtor: JUDY ANN J KEETER** | | | Co-Debtor: | | |
| Present Address: | 2349 CEDAR SHORES CIRCLE S. JACKSONVILLE, FL 32210-0000 | | | | |
| Former Address: | | | | | |
| Request ID: | DKEIH-3300002 | | | Report Date: 5/9/2010 | |
| AURORA LOAN SERVICES I 3640040484578 360 MONTHS CHARGE OFF | 04/07 05/10 | $96,000 $0 | $717 MORTGAGE $0 07/09 | INDIVIDUAL XPN-1 EFX-1 TU-1 | AURORA LOAN ! 10350 PARK MEAI LITTLETON, C (308) 635- |
| ADDITIONAL INFORMATION: | CHGOFF-12/2009  120 SLOW-11/2009  90 SLOW-10/2009  60 SLOW-09/2009  30 SLOW-08/2009 CHARGED OFF ACCOUNT ,REAL ESTATE MORTGAGE , BAD DEBT; PLACED FOR COLLECTION; SKIP , CHAR AMOUNT IS 96000 , PAID | | | | |

**#3  121112  mers aurora inactive 121112 #100392 -8366371-533-7 I Investor hsbc**

**#4  130619 Snippet First Magnus Bankruptcy Order Grant Destroy All Documents**



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:                                          Case No. 4:07-bk-01578-EWH

FIRST MAGNUS FINANCIAL                          Chapter 11
CORPORATION,
                                                ORDER GRANTING LIQUIDATING
          Debtor.                               TRUSTEE'S MOTION TO
                                                AUTHORIZE DESTRUCTION OF
                                                DOCUMENTS IN STORAGE

     THIS MATTER COMES BEFORE THE COURT pursuant to the *Liquidating*

*Trustee's Motion To Authorize Destruction Of Documents In Storage* (the "Motion") filed

by Morris C. Aaron, Liquidating Trustee of the First Magnus Liquidating Trust (the

"Liquidating Trustee" and "Liquidating Trust"). Pursuant to the Motion, the Liquidating

Trustee requests entry of an order authorizing the Liquidating Trustee to destroy

approximately 17,000 banker's boxes of documents being stored by the Liquidating Trust

related to First Magnus Financial Corporation's prepetition business activities, which are

no longer necessary to the administration of the Liquidating Trust. The Liquidating

Trustee having provided all creditors of the Liquidating Trust notice of the Motion and

proposed order; and counsel for the Liquidating Trustee having filed an appropriate

Certificate of No Objection, based on the Motion, and good cause appearing,

     IT IS HEREBY ORDERED granting the Motion and authorizing the Liquidating

Case 4:07-bk-01578-EWH    Doc 7353-1    Filed 06/19/13    Entered 06/19/13 12:18:55
                          Desc Exhibit A    Page 2 of 3

## #5  170928 Breakin JSO called

**Person & was stated they had a foreclosure filed, but the Public Records show none, however, the Police just took the word of some stranger that Broke into the home and called someone that made a False statement that was easily found to be false by the JSO just going online right in his vehicle with his computer in less than 5 minutes would find no foreclosure had been filed on the property. Instead Plaintiff Keefer had his home Broke into and the JSO refused to make a criminal report and had he confirmed the person he spoke with told him a False Statement, could have had the police in that area arrest the person.**

*Route To:* **Zone 5**

Escorted: _____
Checked: _____
File Forced _____

*Ref:* _____

**Year: 2017    Incident No.: 662021**



**Jacksonville Sheriff's Office**
**General Offense / Incident Report**



### Incident Information

Date/Date/Time of Incident From: **Thursday 9/28/2017 00:00**          Date/Date/Time of Incident To: **Thursday 9/28/2017 10:50**

Location of Incident: **1440 2ND ST W** *Apt/Lot #:*          Sub-Sector: **M3**

City: **JACKSONVILLE** State: **FLORIDA** Zip: **32209**

Tve: **137** Crossroad                                          Date/Date/Time Incident Reported: **Thursday 9/28/2017 13:34**

Basic Activity: **NOT APPLICABLE**          How Type: **NOT APPLICABLE**          # Of Offenses: **1**

Alcohol Related: **UNKNOWN (OR N/A)**          Drug Related: **UNKNOWN (OR N/A)**          # Of Victims:

MCI Case: **No** *Follow up by:* _____ Wrecklife Crime Involved: **No** Dating Violence Involved: **No**          # Of Suspects:

### Offense or Incident:

#1   Statute No.: **999**          Degree: **NA**          *UCR Code:* **9999**          Attempt Code: **Commit**

INFORMATION

### Witness/Complainant Information: #1

*Type:* **COMPLAINANT**

Name: **KEEFER ROBERT LEE**

Address: **2349 CEDAR SHORES CIR** Apt/Lot #:          Sub-Sector: **K2**

City: **JACKSONVILLE** State: **FLORIDA** Zip: **32210**

Tve: **432** Crossroad:

Home Phone # Bus. Phone # Ext.:

Cell Phone # **(904)-294-2440** Cell Phone Provider **T-Mobile** E-mail:

Is Vagrant? **NO**

Place of English Refusal:

Race: **WHITE** Ethnicity: **NOT OF HISPANIC ORIGIN** Sex: **Male** DOB: **1/27/1960**

Age: **57**

Relationship To Victim:

### Witness/Complainant Information: #2

Name: **ULLO JUDY ANN**

Address: **3603 CARDINAL POINT DR** Apt/Lot #:          2017-433463          Sub-Sector: **I1**

City: **JACKSONVILLE** State: **FLORIDA** Zip: **3225?**          REF **P074842**

Tve: **692** Crossroad:

Home Phone # Bus. Phone # **(904)-394-7125** Ext.:

Cell Phone # **(904)-729-8924** Cell Phone Provider: E-mail:          2017-662021

Is Vagrant? **NO**          REF **P074844**

Place of English Refusal: **INI Realty Investments, Inc.**

Race: **WHITE** Ethnicity: **NOT OF HISPANIC ORIGIN**          Public Records

Relationship To Victim:          904-630-7209

### ADDITIONAL INFORMATION

On 9.28.2017 at 1213 hours, I was dispatched          ...puts.

Upon arrival, I was met by Robert Keefer (com... ...y owner and Judy
Ullo (witness), broke into his home and took [             ]s never had a
mortgage on the property and owns it outrigh... I advised based on the claims both parties are making, I can't
provide a report for burglary because a crime did not occur. He immediately requested a supervisor.

**JSO** Page 1 of 2   Date Printed: 15012017          **MIKE WILLIAMS, SHERIFF**          2017 662021   **JSO**

HEADER CIC
Interest: _____          *Route To:* **Internal Affairs**

# #6   150223 Snippet Fraud Assignment From Mers to Nationstart/Veripro

# Mers #10039283663715337 Illegal Assignment Fraud

Doc # 2015041511, OR BK 17074  Page 1250,  Number Pages: 2,  Recorded 02/23/2015 at 03:33 PM, Ronnie Fussell CLERK CIRCUIT COURT DUVAL COUNTY RECORDING $18.50

Recording Requested By:
T.D. SERVICE COMPANY

Prepared By:
T.D. Service Company
LR Department
4000 W Metropolitan Dr Ste 400
(714) 543-8372, JONIDA XHOLI

And When Recorded Mail To:
Stonecrest Financial
Attn: Christian Hofmann
4300 Stevens Creek Blvd.
Ste. 275
San Jose, CA 95129

MERS MIN#: 10039283663715337
PHONE#: (888) 679-6377
Customer#: 710/2
Service#: 4131405A81
Loan#: 198047

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, ITS SUCCESSORS AND ASSIGNS, P.O. BOX 2026, FLINT, MI 48501 OR 1901 E VOORHEES ST, SUITE C, DANVILLE, IL 61834-0000, hereby assign and transfer to NATIONSTAR MORTGAGE, LLC, C/O VERIPRO SOLUTIONS 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067-0990, all its right, title and interest in and to said Mortgage in the amount of $96,000.00, recorded in the State of FLORIDA, County of DUVAL Official Records, dated APRIL 24, 2007 and recorded on MAY 01, 2007, as Instrument No. 2007144413, in Book No. 13954, at Page No. 1611.
Executed by: JUDYANN J KEETER, A SINGLE PERSON (Original Mortgagor).
Original Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, ITS SUCCESSORS AND ASSIGNS.

Date: 2/16/2015

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, ITS SUCCESSORS AND ASSIGNS

**#7 190624 Debt Validation ltr sent Innova signed Atty estevez #7015 0640 0004 6384 3384 cert receipt signed**

**Plaintiff Judy Ann J. Keeter disputed owing any debt sending a "Certified Mailing of a Debt Validation Letter" on June 24, 2019 to Attorney Matthew Estevez, for "Alleged Creditor": Innova Investment Group, LLC., receiving "Return Receipt signed by**

**Gomez on 6/26/19" #7015 0640 0004 6384 3384 and "Never received any Completed Debt Collector Disclosure Statement" Ref. Snippet: First page of Letter (is 12 pages, basically same for lines to be filled in), Certified Mail Receipt 6/24/19, Return Signed "Gomez 6/26/19, and "additionally Certificate of Mailing Receipt".**

DEBT COLLECTOR DISCLOSURE STATEMENT
Re: "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
(Applicable to all Successors and Assigns)

Respondent: Judy Ann J. Keeter
Re Account No: NO ACCOUNT NUMBER GIVEN
Alleged Amount: NO TOTAL AMOUNT ALLEGEDLY OWED GIVEN-?-$32,094.42
Alleged Creditor: INNOVA INVESTMENT GROUP, LLC.

Notice: This "Debt Collector Disclosure Statement" is not a substitute for, nor the equivalent of, the herein above requested verification of record, i.e., "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition" (Black's Law Dictionary 6th Edition), re the alleged debt, and must be completed in accord with the "Fair Credit Reporting Act," at [15 USC § 1681 et seq.], and the "Fair Debt Collection Practices Act," at [15 USC § 1692 et seq.], and the applicable portions of "Truth in Lending" (Regulation — Z), at 12 CFR part 226 et seq., and demands as cited above "Offer of Performance." Debt Collector must make all required disclosure clearly, accurately, conspicuously in writing re the following:

1. Name of Debt Collector: _____

2. Address of Debt Collector: _____

3. Name of alleged Debtor: _____

4. Address of alleged Debtor: _____

5. Alleged Account Number: _____

6. Alleged debt owed: $ _____

7. Date alleged debt became payable: _____

8. Re this alleged account, what is the name and address of alleged "Original Creditor," if different from Debt Collector:

<table>
<tr><td rowspan="10">7015 0640 0004 6384 3384</td><td>

U.S. Postal Service
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

MIAMI, FL 33172 OFFICIAL USE

Certified Mail Fee $3.50

$2.80 0210
58

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $ $0.00
☐ Return Receipt (electronic)  $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required  $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postmark
Here

Postage $0.70

06/24/2019

Matthew Estevez
9600 N.W. 25th St., STE 2A
Doral, FL 33172

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

</td></tr>
</table>



**UNITED STATES POSTAL SERVICE**

**Certificate Of Mailing**

From:
Judy Ann J. Keeter
2349 Cedar Shores Circle
Jacksonville, FL 32210

To:
Matthew Estevez
9600 N.W. 25th St., STE 2A
Doral, FL 33172

PS Form 3817 April 2007 PSN 7530-02-000-9065

## #8 201012 Never serv-Keeter & Keefer Notice Obj No Waiver Challenge Jurisdiction

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Matthew Estevez
9600 N.W. 25th St., STE 2A
Doral, FL 33172

9590 9402 2504 6306 4799 25

2. Article Number (Transfer from service label)
7015 0640 0004 6384 3384

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  □ Agent  □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
A. Gomez   6/26/19

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:  □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Filing # 114836658 E-Filed 10/12/2020 05:29:48 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

INNOVA INVESTMENT GROUP, LLC,

Plaintiffs,

vs.                                    Case No: 2020-CA-01561
                                        CV-A

ROBERT LEE KEEFER, JUDY ANN KEETER
A/K/A JUDY ANN JEAN KEETER A/K/A
JUDY ANN J. KEETER; Together with any,
heirs, devisees, grantees, Assignees,
creditors, lienors, or trustees of said
Defendants, and UNKNOWN TENANTS
IN POSSESSION #1, UNKNOWN TENANT
IN POSSESSION #2,

Defendants.

**EMERGENCY DEFENDANTS RIGHTS OF WRITTEN OBJECTION TO
CASE TRANSFER TO FORECLOSURE DIVISION BEFORE MAGISTRATE
RULES 1.490 DEPRIVING DEFENDANTS OF EQUAL PROTECTION OF
THE LAW VIOLATING FEDERAL LAW AND DEFENDANTS DO NOT
WAIVE RIGHTS TO CHALLENGE JURISDICTION**

DEFENDANTS' ROBERT LEE KEEFER AND JUDY ANN KEETER HEREBY

PURSUANT TO RULES 1.490 FILES   WRITTEN OBJECTION TO CASE

TRANSFER TO FORECLOSURE DIVISION BEFORE MAGISTRATE.

DEFENDANTS EMPHASIZE IF THE STATE PROCEEDS WITHOUT

CONSENT WILL BE DEPRIVATIONS OF DEFENDANTS EQUAL

PROTECTION OF THE LAW UNDER COLOR OF LAW VIOLATES

FEDERAL LAW.


DEFENDANTS DO NOT WAIVE THEIR RIGHTS TO CHALLENGE

JURISDICTION and are not subject to the Jurisdiction of the court having

never been served process. Ref.

"Justice without diversity can never be perceived as just." - The Honorable
James E.C. Perry

"It has been said that "a better-informed citizenry Places important limitation
on the ability of public officials... to manipulate public opinion and to act in
ways contrary to the public interest." (Delli Carpini and Scott Keeter)

WHEREFORE, DEFENDANTS MOVE THE COURT TO MAINTAIN THE

CASE IN THE CV-A DIVISION DUE TO THERE HAS BEEN NO NOTICE

TO TRANSFER BY THE COURT AND NO CONSENT BY DEFENDENTS

REQUIRED BY RULE 1.490.


/s/ Judyann Jean Keeter
Judyann Jean Keeter, #854881, CFI
Association of Certified Fraud Examiners (ACFE)
2349 Cedar Shores Circle
Jax., Fl. 32210



Email: jjprop@gmail.com

/s/ Robert Keeter
Robert Keeter
P. O. Box 440458
Jax. Fl. 32222

# #9  210705 Mers #1000392-8366371533-7 Inactive



**1 record matched your search:**

MIN: 1000392-8366371533-7    Note Date: 04/20/2007        MIN Status: Inactive

Servicer:  Aurora Loan Services LLC                       Phone: (720) 945-3964
           Scottsbluff, NE

## JURISDICTION

1.      This suit is brought pursuant to 42 U.S.C. §1983:

Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State or Territory or the District of
Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action
at law, suit in equity, or other proper proceeding for redress...

2.      This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C.

§1331 to hear cases arising under the Constitution of the United States, under 28

U.S.C. §1343(3) to redress the deprivation under color of state law of any right,

privilege or immunity secured by the Constitution, and under 28 U.S.C. §1343(4)

to secure equitable or other relief for the protection of civil rights.

3.      The Court has the authority to issue declaratory judgments and

permanent injunctions pursuant to 28 U.S.C. §§2201 and 2202, and Rule 65, Fed.

R. Civ. P.

4.      This Court has supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. §1367.

5.      The Court may enter an award of attorney's fees pursuant to 42
U.S.C. §1988.

6.     This Complaint seeks declaratory and injunctive relief to prevent violations of the Plaintiffs' rights, privileges and immunities under the Constitution of the United States and Title 42 U.S.C. §§1983 and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the First, Fourth and Fourteenth Amendments to the Constitution.

7.     This action seeks a judicial determination of issues, rights and liabilities embodied in an actual and present controversy between the parties involving the constitutionality of certain policies and practices of the Defendants. There are substantial *bona fide* doubts, disputes, and questions that must be resolved concerning the Defendants' actions taken under color and authority of "state" law and procedures, in violation of Plaintiffs' rights under the First, Fourth Fifth and Fourteenth Amendments to the United States Constitution.

## VENUE

8.     Venue is proper in the Middle District of Florida, Jacksonville Division, since the laws and policies complained of are those of Jacksonville, Florida, which is within the district and geographical area assigned to the Jacksonville Division.

## PARTIES

9.     Plaintiff, Robert L. Keefer and Judy Ann Keeter are individuals at 2349 Cedar Shores Circle, Jacksonville, Florida Duval County, Florida 32210 Duval County, Florida. The subject property is located within the municipal boundaries of the City of Jacksonville. Plaintiff is the entity beneficially interested in the relief herein sought and seeks to invoke the

original jurisdiction of this Court on account of the facts and matters herein stated.

10.    Defendant, FLORIDA DEPARTMENT OF FINANCIAL SERVICES DIVISION OF RISK MANAGEMENT, Jimmie Patronis, CEO, located at 200 East Gaines Street, Tallahassee, Florida 32399-0336 and organized and operating under the laws of the State of Florida.

11.    Defendant, INNOVA INVESTMENT GROUP, LLC  9600 NW 25TH STREET SUITE 2A MIAMI, FL33172 and Estevez, Matthew, (27736) Located at 9600 NW 25th St Ste 2A Doral, FL 33172-1416 organized and operating under the laws of the State of Florida.

12.    Defendant, MARK HARRISON MAHON AGENCY, AS CHIEF JUDGE OF THE FOURTH JUDICIAL CIRCUIT OF FLORIDA, DUVAL COUNTY COURTHOUSE 501 WEST ADAMS ST. JACKSONVILLE, DUVAL COUNTY, FL. 32202 ROOM 7139 PH. 904-255-1000 EMAIL: MMAHON@COJ.NET  Ref.

Federal Law of Equal Protection of the United States Constitution protects me from any Illegal seizure: "Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (Emphasis supplied.).."Holding that a private party's joint participation with a state official in a conspiracy to discriminate would constitute both "state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights" and an action "under color of law for purposes of " § 1983. Accordingly, in his view, § 1983 was intended to provide a remedy in federal court for, inter alia, certain denials of equal protection that occurred even in States with just and equal laws when some private persons acted against others and the State failed to provide protection.  Adickes v.

Kress Co. 398 U.S. 144 (1970)

Federal Prohibition is an extraordinary remedy that [is] used to restrain the unlawful use of judicial power

We grant the State's petition and quash the circuit court's order because the circuit court ignored well-established case law holding that prohibition is available only to prevent a lower tribunal's unauthorized exercise of jurisdiction...A second-tier petition for writ of certiorari is the appropriate vehicle to review a circuit court's order on a petition for writ of prohibition. See Sutton v. State, 975 So. 2d 1073, 1080-81 (Fla. 2008). This court's review is limited to whether the circuit court afforded the petitioner procedural due process and whether it departed from the essential requirements of law. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010). Such a departure must be more than simple legal error, because second-tier certiorari relief is available only "when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice." Id.  This "clearly established law" can include constitutional law, statutes, rules of court, and recent controlling case law that deals "with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003). The writ of prohibition is an extraordinary remedy that "may only be granted **when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction.**" English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977); see also Taylor v. State, 65 So. 3d 531, 533 (Fla. 1st DCA 2011) (**"Prohibition is an extraordinary remedy that [is] used to restrain the unlawful use of judicial power.**").

13.    Plaintiffs alleges "MULTIPLE Violations of First Amendment Rights" complete Deprivations of Equal Protection under Color of Law without ANY Due Process is Unconstitutional and has resulted in already irreparable concrete injury of loss of rental income that is the sole means Plaintiff Keef has to provide for his wife as a caretaker due to being Elderly, severely disabled, with multiple serious health issues that the Tremendous Emotional Shock every day has stripped us of No Quality of

Life just full of cruel inhumane Unconstitutional acts by the so called Justice System.

14.    Plaintiff Robert L. Keefer has never had a mortgage or signed a note in his lifetime.

15.    Plaintiffs Invoke the Federal court for All Writs, Injunction whatever Emergency Order required to Prevent "Imminent Irreversible Harm" Most Certainly additional Concrete Injury" if the tenants are removed as time is critical as Plaintiffs have shown by snippets of the Actual Judicial Admissions of the record, but now having been called by the tenants with a posting by JSO in violations of the Federal Moratorium has caused a loss of time making it necessary to reorganize this filing for an Immediate Order from the Federal Court to prevent an "Unconstitutional Taking" and "Unconstitutional Removal of the Tenants".

16.    PLAINTIFF ROBERT L. KEEFER AND JUDY ANN J. KEETER alleges that the Recorded  Certificate of Title is a Crime that was issued with a False Statement as reference to Case #2020-CA-001561 filed by INNOVA INVESTMENT GROUP, LLC through Attorney Matthew Estevez, Bar #27736 as evidence does speak for itself in the Docket Records that even the "Certificate of Title" contains a "False Statement" of  "no Objections" is Judicial Admission in the Docket Record entry as follows with "OBJECTION" quite visible 5.5.21. Ref.

| 59 D62 | -- | 5/5/2021 5/7/2021 | OBJECTION TO SALE (EMERGENCY DEFTS) WITH MOTION TO QUASH, IMMEDIATELY REVERSE 4.26.21 ILLEGAL SALE OF 1440 PROPERTY E BY FACTS OF JUDICIAL ADMISSIONS IN DOCKET RECORD FILINGS SPECIFICALLY WITH INCORRECT 1140 ADDRESS IN DOCS #1 FINAL JU #2 NOTICE OF SALE #3 PUBLICATION #4 CERTIFICATE OF SALE AND WITHOUT JURISDICTION WITH FACTS OF JUDICIAL ADMISSIONS OF DEFTS PRESERVED CHALLENGE TO JURISDICTION INCONTROVERTIBLY RESULTS IN ALL ORDERS VOID AS MATTER OF LAW |
| --- | --- | --- | --- |
| 60 D63 | -- | 5/7/2021 5/7/2021 | CERTIFICATE OF TITLE ISSUED TO INNOVA ASSET HOLDINGS LLC BK 19716 PG 728 |
| 61 D64 | -- | 5/26/2021 5/26/2021 | MOTION TO AMEND ( PLAINTIFF'S ) FINAL JUDGMENT & CERTIFICATE OF TITLE |
| 62 D65 | -- | 6/16/2021 6/18/2021 | CERTIFICATE OF MAILING ( PLAINTIFF'S ) COPY OF ORDER AMENDING FINAL JUDGMENT AND CERTIFICATE OF TITLE DUE TO SCRIVENER' ON 6/16/2021- COPY OF ORDER PROVIDED TO ALL ON SERVICE LIST |
| 63 D66 | -- | 6/17/2021 6/18/2021 | ORDER AMENDING FINAL JUDGMENT AND CERTIFICATE OF TITLE DUE TO SCRIVENER'S ERROR BOOK 19784 PAGE 1814-1814 |
| 64 | -- | 6/18/2021 6/18/2021 | UNABLE TO ISSUE AMENDED TITLE - NEED COMPLETED AMENDED TITLE FROM PLAINTIFF |
| 65 D68 | -- | 6/28/2021 6/29/2021 | CERTIFICATE OF TITLE (AMENDED) ISSUED TO: INNOVA ASSET HOLDINGS, LLC BOOK 19802 PAGE 2373-2376 |
| 66 D69 | -- | 6/28/2021 6/29/2021 | MOTION FOR WRIT OF POSSESSION ( PLAINTIFF'S ) |

17.    PLAINTIFF ROBERT L. KEEFER AND JUDY ANN J. KEETER alleges now is the reference Certificate of Title Issued with a "False Statement" specifically "No Objections" that is a Fraud, False Pretense Recorded in Official Records, actual crime pursuant to §1001., mail fraud previously mailed in USPS, clear "NO OBJECTIONS" Judicial Admission.  Ref. Snippet:

CIVIL ACTION NO: 16-2020-CA-001581-XXXX-MA
DIVISION: FC-A

Recorded 05/11/2021 09:54 AM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL
COUNTY
RECORDING $0.00
DEED DOC ST $210.70

SPACE FOR RECORDING ONLY F.S. §695.26

INNOVA INVESTMENT GROUP, LLC

                    Plaintiff(s)

vs.
ROBERT LEE KEEFER
JUDY ANN KEETER
Unknown Tenant In Possession #1
Unknown Tenant In Possession #2

                    Defendant(s)

**FILED**

**MAY 07 2021**

DUVAL CLERK OF COURT

### CERTIFICATE OF TITLE

The undersigned Clerk of the Court certifies that he executed and filed a Certificate of Sale in this action on Apr 28, 2021 for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Duval County, Florida

**Lot 7, Block 7, Nooneys Replat of Block 7, West End, according to the map or plat thereof as recorded in Plat Book 5, Page 98 of the public records of Duval County, Florida.**

**Address: 1140 West 2nd Street, Jacksonville, FL 33209**

was sold to INNOVA ASSET HOLDINGS, LLC
whose address is: PO BOX 310688 , Miami, FL 33231

WITNESS my hand and the seal of the court on May 07 2021 , as Clerk of the Circuit Court.

18.                                                                                 P

laintiffs allege "Judicial Admission" are FACTS of Public Official

Records and Docket Records that the "Certificate of Title" is

Incontrovertible "Multiple Federal Crimes" that require to be prosecuted

as it is "Beyond a shadow of a Doubt" for a Jury to come back with

Guilty.  Ref.

Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error? See, e.g., Arizona v. Fulminante, 499 U.S. 279. Where an omitted element is supported by uncontroverted evidence, this approach appropriately balances "society's interest in punishing the guilty and the method by which decisions of guilt are made." Connecticut v. Johnson, supra, at 86. Pp. 15-20. 2. Materiality is an element of a "scheme or artifice to defraud" under the federal mail fraud, wire fraud, and bank fraud statutes. Pp. 20-25.

(a) Under the framework set forth in United States v. Wells, 519 U.S. 482, the first step is to examine the statutes' text. The statutes neither define "scheme or artifice to defraud" nor even mention materiality. Thus, based solely on a reading of the text, materiality would not be an element of these statutes. However, a necessary second step in interpreting statutory language provides that "`[w]here Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms.'" Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322. At the time of the mail fraud statute's enactment in 1872 and the later enactments of the wire fraud and bank fraud statutes, the well-settled, common-law meaning of "fraud" required a misrepresentation or concealment of material fact. Thus, this Court cannot infer from the absence of a specific reference to materiality that Congress intended to drop that element from the fraud statutes and must presume that Congress intended to incorporate materiality unless the statutes otherwise dictate. Contrary to the Government's position, the fact that the fraud statutes sweep more broadly than the common-law crime "false pretenses" does not rebut the presumption that Congress intended to limit criminal liability to conduct that would constitute common-law fraud. Durland v. United States, 161 U.S. 306, distinguished. Nor has the Government shown that the language of the fraud statutes is inconsistent with a materiality requirement. Pp. 20-25...Neder v. United States, 527 U.S. 1, 3 (1999)

19.    PLAINTIFF ROBERT L. KEEFER AND JUDY ANN J. KEETER

alleges the Facts of all the Docket Records are Judicial Admissions of

Crimes, Multiple Deprivations of Equal Protection Under Color of Law

with the court knowingly without Jurisdiction  Aiding Crimes by Abuse

of Oath to the Constitutional against the Rule of Law,  Unconstitutional

Rulings documented in  Judicial Admissions of Record Facts reveal

Plaintiffs were never served or appeared Before the court is

"Unconstitutional Taking of property with a Crime committed in the Certificate of Title is Federal Offenses", Violating Equal Protection providing Federal Jurisdiction and regress with emergency relief to prevent Removal of the Tenants while Federal Moratorium is still in effect as most important would be further Irreparable damages with continued concrete injuries that could never be remedied.

20.    Plaintiffs allege that it is Uncontroverted Facts of Public Records of Multiple Unconstitutional Deprivations of Rights under Color of Law where Plaintiffs have already suffered Intentional damages resulting in concrete Injuries by the previous tenant moved due to threats by Attorney Matthew Estevez, Bar #27736 for Innova proceeding in "Known Crimes on the Court" aided by Constitutional Officers under Oath and Plaintiffs just cannot withstand this "Actual Irreparable Harm" of JSO coming back removing new Tenants would be so "Intentionally Emotionally Shocking" that literally could cause Plaintiff Judy Ann J. Keeter who has Congenital Heart Failure to drop dead without Immediate Order from the Federal Court and Plaintiff Robert L. Keefer could not see any worse Concrete Injury. Ref.

As a general rule, a litigant is deemed to have perpetrated a fraud on the court when
"it can be demonstrated, clearly and convincingly, that a party has "sentiently set in motion some
unconscionable scheme calculated to interfere with the judicial system's ability impartially to
adjudicate a matter by improperly influencing the [trier of fact] or unfairly hampering the

presentation of the opposing party's claim or defense." Cox, 706 So. 2d at 46 (quoting Aoude,
892 F. 2d at 1118). The "clear and convincing" standard is an intermediate standard of proof
between a "preponderance of the evidence" and "beyond a reasonable doubt." Smith v.
Department of HRS, 522 So. 2d 956 (Fla. 1st DCA 1988). For evidence to be "clear and
convincing" "[it] must be of such weight that it produces in the mind of the trier of a fact a firm
belief or conviction, without hesitancy, as to the truth of the allegations sought to be
established." Slomowitz v. Walker, 429 So. 2d 797, 800 (Fla. 4th DCA 1983). See also Small
Business Admin. v. Echevarria, 864 F. Supp. 1254 (S.D. Fla. 1994).

Holding corporation liable under the False Claims Act for the acts of its agent
The fraud was conceived, hatched and perpetrated by O'Connell, Norton and Thompson. Prior to the bringing of this case, O'Connell and Norton were convicted of conspiracy to defraud the United States Department of Housing and Urban Development (HUD), making false material declarations before the Grand Jury, influencing, obstructing and impeding the due process of justice, and obstructing a witness, in violation of 18 U.S.C. §§ 371, 1503, 1623 and 2. The convictions were upheld by the Eleventh Circuit. United States v. Norton and O'Connell, 755 F.2d 1428 (11th Cir. 1985). Thompson pled guilty to one count of conspiracy to defraud HUD, 18 U.S.C. § 371. He was a witness at the trial....U.S. v. O'Connell 890 F.2d 563 (1st Cir. 1989)

21.     Plaintiffs alleged Deprivations of Equal Protection Under Color of

Law, §1983 Mass Intentional Concrete Injuries having already occurred

outside the United States Constitution with all documented in the Public

Records warranting, Punitive Damages, Equal Access to Justice Act, 5

U.S.C. § 504 and 28 U.S.C. § 2412 ; and (f) any and all rights to

challenge or contest the validity of All Orders in the Case #2020-CA-

1561 and challenge the court being without Jurisdiction to be removed to

Federal court and review this Federal Question.

22.     Plaintiffs allege and sue STATE OF FLORIDA DEPARTMENT OF FINANCIAL SERVICES DIVISION OF RISK MANAGEMENT JIMMIE PATRONIS, IN HIS OFFICIAL CAPACITY AS CEO, AND IN HIS INDIVIDUAL CAPACITY OF AGENCY STATE OF FLORIDA.

23.     Plaintiffs allege and sue INNOVA INVESTMENT GROUP, LLC, IN THEIR OFFICIAL CAPACITY AS AGENCY AND MATTHEW ESTEVEZ, AS ATTORNEY IN OFFICIAL CAPACITY, AND INDIVIDUAL CAPACITY AS AGENCY.

24.     MARK HARRISON MAHON ("Chief Judge Mahon"), in his official capacity as the Chief Judge of the Fourth Judicial Circuit of Florida in his official capacity as the Sheriff of Jacksonville, Duval County, Florida, and the First Amendment or Unconstitutional Taking brings the Federal Jurisdiction in for Emergency regress preventing further Irreparable injuries.  Ref.

## COLOR OF STATE LAW

25.     Plaintiffs assert a variety of constitutional claims encompassing Deprivations of Equal Protection of the Law under Color of Law concerning the State Violating Property Interests, First Amendment, Fourteenth Amendment, and Federal Law when United States Citizens are deprived Inalienable Rights that is prohibited for any State to cause a citizens property to be taken under Color of Law.

26.    Plaintiffs Invoke the Federal court in urgency of IMMEDIATE INJUNCTION ORDER TO PROHIBIT JACKSONVILLE SHERIFFS OFFICE EXECUTING ANOTHER ILLEGAL WRIT REMOVING THE TENANTS NOW AT: 1440 W. 2nd Street, Jacksonville, Florida, 32216 that was just posted on the door 8/19/21 @ 12 noon when the tenant calling terrified, confused and due to Plaintiffs already being Emotionally crippled tried to assure the tenant we would be obtaining Federal assistance, but that does not alleviate the "JSO's Intentional at Risk Act of Violating the Federal Moratorium" that now has the "Tenants Emotionally Distraught" and reasonably warranted, which made it even more difficult for Plaintiffs to try to calm her down when both Plaintiffs are about to collapse themselves.

27.    Plaintiffs allege all of this "Overwhelming Emotional Crippling Shock in our Nervous System" is additionally irreparably irreversibly harming our health and mind so invasively no words could describe this abuse of Plaintiffs being both Elderly and disabled more detrimental than a young healthy individual.

28.    Plaintiffs alleges All of these "Intentional grotesque cruelties" all a direct causal effect of the "Justice System failing Plaintiffs", Violating their Oath to the Constitution, without Jurisdiction is Unconstitutional as no service of process was perfected in Judicial Admission of Record and due to the Urgency now Plaintiffs have had to stop and revise a hurried filing and urge the court to overlook any discrepancies as a pro se that is

overwhelmed can hardly function but urgency of an order to prevent

Removal of the tenants is real and Imminent NOW !!!. Ref.

The jury awarded him $4.5 million for past and future pain and suffering. Hendry argues that the trial court erred by denying his motion for a directed verdict because the injury to Officer Zelaya was unforeseeable and the Clevelander was maintained in a safe condition. We disagree. For a tavern owner to be liable for injuries inflicted on a patron by a third party, the risk of harm must be reasonably foreseeable. *Stevens v. Jefferson,* <u>436 So. 2d 33</u>, 34 (Fla.1983). The question of foreseeability is for the trier of fact. *Id.* at 35. In *Hall v. Billy Jack's, Inc.,* <u>458 So. 2d 760</u> (Fla.1984), where the plaintiff was hit over the head with a pool cue, the Florida Supreme Court stated that, if a bar owner knew or should have known of a general risk to patrons and failed to take reasonable steps to guard against that risk, the bar owner may be held liable for the resulting injuries. *Id.* at 761. The proprietor of a bar is bound to use every reasonable effort to maintain order among the patrons. *Holiday Inns, Inc. v. Shelburne,* <u>576 So. 2d 322</u>, 325 (Fla. 4th DCA 1991); *Sabatelli v. Omni Internat'l Hotels, Inc.,* <u>379 So. 2d 444</u>, 445 (Fla. 3d DCA 1980). There was evidence to support the jury's verdict that due to the inadequate security, it was foreseeable that rowdy patrons would injure other patrons.... Hendry v. Zelaya, 841 So. 2d 572 (Fla. Dist. Ct. App. 2003) Precedential Status ...

29.     Plaintiffs move the Federal court to look at the actual

Unconstitutional facts docketed in Judicial Admissions of Record and

provide this urgent Order even if Plaintiffs have made some statements

warped is due to the state of Emotional Shock to our Nervous system, it is

almost impossible to think clearly especially when having to stop and

redo this complaint to prevent further concrete injury Imminent!!  Ref.

A party also may plead claims that are inconsistent with each other. As one court has noted, this is because "the pleadings in a cause are merely a tentative outline of the position which the pleader takes before the case is fully developed on the facts." *Hines v. Trager Constr.* Co., 188 So. 2d 826, 831 (Fla. 1st DCA), *cert. denied,* 194 So. 2d 618 (Fla. 1966).

30.     Plaintiffs alleges Judge Souds Orders were Deprivations of Equal Protection under Color of Law in Violations of Procedural Due Process Civil SECTION 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

31.     PLAINTIFF ROBERT L. KEEFER AND JUDY ANN J. KEETER alleges that if the court does not intervene with an Emergency Order Prohibiting any further action in this case to Jacksonville Sheriffs Office and Duval Courthouse this day the "Tenants will be unlawfully removed" by an "Unconstitutional Taking" against the Federal Equal Protection that provides the Federal Jurisdiction to provide Emergency Order to prevent the "Imminent Definite Threat" that will destroy Plaintiffs literally by concrete injury continuing would result in the new tenants in possession being removed creating further concrete injuries to Plaintiffs that cannot be ever compensated.   Where the Supremacy Clause of the Constitution of the United States (Article VI, Clause 2), establishes that the Constitution, federal laws made pursuant to it, and treaties made under its authority, constitute the "supreme Law of the Land", and thus take

priority over any conflicting state laws makes it impossible for

Defendants to Prevail.

Ref. Supremacy Clause, which provides that: "This Constitution . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."... U.S. CONST. art. VI, cl.

32.    PLAINTIFF ROBERT L. KEEFER AND JUDY ANN J. KEETER

alleges Cruel, Inhumane, ? Immense Abuse of Power in this case has

been Inhumane to the point of Violations of the Eight Amendment in the

excruciatingly traumatizing effects of loss of one tenant through these

Unconstitutional rulings without Jurisdiction has resulted in almost total

inability to do anything slowing Plaintiffs to be able to produce a filing

for the Federal Court.  Ref.

What is the color of law violation?
That's why it's a federal crime for anyone acting under "color of law" to willfully deprive or conspire to deprive a person of a right protected by the Constitution or U.S. law. "Color of law" simply means the person is **using authority given to him or her by a local,** state, or federal government agency. Is violating the Constitution a crime?
When laws, **procedures, or acts directly violate the constitution, they are unconstitutional.** All others are considered constitutional until challenged and declared otherwise, typically by the courts using judicial review.

## COUNT I — FIRST AMENDMENT VIOLATION

33.     Plaintiffs reallege and incorporate by reference the allegations in

paragraphs 1 through 32 as though fully set forth herein.

This is an action pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and

Fourteenth Amendments for declaratory and injunctive relief.

is unconstitutional on its face, because it impermissibly infringes on Plaintiffs'

right to free speech, protected by the First Amendment, which is incorporated

against the States by virtue of the Fourteenth Amendment.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

a declaration that the rulings are all facially unconstitutional without Jurisdiction.

a temporary restraining order, prohibiting any enforcement of an "Illegal Writ"

to remove the tenants at 1440 W. 2nd Street, Jax. Fl. 32210..

preliminary and permanent injunctions, prohibiting any enforcement or other

actions in the lower court with removal of the case to federal jurisdiction.

an award of reasonable costs and attorneys fees in favor of Plaintiffs, payable

jointly and severally by the Defendants, pursuant to 42 U.S.C. § 1988, and such

other and further relief as this Honorable Court deems just and appropriate.


## COUNT II — FIFTH Amendment Violations of Equal Protection


34.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs

1 through 32 as though fully set forth herein.

This is an action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fifth

Amendment from Federal Court for declaratory and injunctive relief.

Declare all unconstitutionally vague on its face that encourages arbitrary and

discriminatory law enforcement practices.

Therefore,  violates the Fifth Amendment.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

a declaration that all is Void as facially unconstitutional.

a temporary restraining order, prohibiting any enforcement further action by the

Duval County Court.

Injunction to prohibit JSO from removing the tenants.

an award of reasonable costs and attorneys fees in favor of Plaintiffs, payable

jointly and severally by the Defendants, pursuant to 42 U.S.C. § 1988, and

such other and further relief as this Honorable Court deems just and appropriate.


## COUNT III — VIOLATION OF FLORIDA CONSTITUTION

## SEPARATION OF POWERS DOCTRINE


35.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs

1 through 32 as though fully set forth herein.

In the State of Florida, "[o]ur theory of government is that of separation of

powers. The Legislature and not the court is responsible for legislating . . . Judges

of Courts cannot do so because [they] were not elected to the Florida Legislature."

*State, Dept. of Juvenile Justice v. Soud,* 685 So.2d 1376, 1379 (Fla. 1st DCA

1997).

This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C.

§1367, article V, section 5, of the Florida Constitution, and FLA. STAT. §26.012.

By entering an order Judge Soud and Judge Bowden have exceeded jurisdiction and authority, and in doing so, violated the Florida Constitution's Separation of Powers Doctrine.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

a declaration of violations the Florida Constitution's Separation of Powers Doctrine.

a permanent injunction, prohibiting any enforcement of and writs against the tenants.

an award of reasonable costs and attorneys fees in favor of Plaintiffs, payable jointly and severally by the Defendants, and

such other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted August 20, 2021, by:

*/s/ Judy Ann J. Keeter,* 2349 Cedar Shores Circle, Jacksonville, Florida 32210 (904-200-5798)

Respectfully submitted August 20, 2021, by;

/s/Robert L. Keefer,  2349 Cedar Shores Circle, Jacksonville, Florida 32210 (904-2440)